UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN M. LARKINS,<br><br>                                           Plaintiff,<br>-against-<br>CITY OF TROY, CITY OF TROY POLICE OFFICERS JUSTIN ASHE, DERRICK COMITALE, and MARTIN FURCINITI, individually and/or as agents, servants, and/or employees of the City of Troy,<br>                                          Defendants. | **ANSWER**<br>Civil Action No.: 1:13-CV-1442 (DNH/CFH) |

    The Defendants herein, as and for their answer to the complaint of the Plaintiff:

1. Admit the allegations contained in the paragraphs of the complaint marked and numbered 2 and 4.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint marked and numbered 3, 5-7, 9, 10(a), 10(e), 10(h), and 10(j).

3. Deny the allegations contained in the paragraphs of the complaint marked and numbered 1, 8, 10(b), 10(c), 10(d), 10(f), 10(g), 10(i), 11-13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35-37, and 39.

4. Paragraphs 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, and 38 of the complaint merely repeat and reallege various allegations of the complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in those paragraphs.

## FIRST AFFIRMATIVE DEFENSE

6. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

7. Some or all of Plaintiff's claims may be barred in whole or in part by the applicable statute or statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

8. Plaintiff has failed to satisfy conditions precedent to instituting this action.

## FOURTH AFFIRMATIVE DEFENSE

9. The injuries and damages alleged by the Plaintiff were caused in whole or in part by the contributory negligence, lack of ordinary care, assumption of risk, or other culpable conduct of the Plaintiff, without any negligence or carelessness on the part of the Defendants contributing thereto.

## FIFTH AFFIRMATIVE DEFENSE

10. The injuries and damages alleged by the Plaintiff were caused by the actions of some third person or persons over whom the Defendants had no control and for whose culpable conduct the Defendants may not be held responsible.

## SIXTH AFFIRMATIVE DEFENSE

11. Plaintiff has failed to make reasonable efforts to mitigate his damages, if any, as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims may be barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims may be barred in whole or in part by the doctrines of unclean hands and/or *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

14. Plaintiff may lack standing to pursue some or all of his claims.

## TENTH AFFIRMATIVE DEFENSE

15. Each of the individual Defendants is entitled to qualified immunity and is not liable to Plaintiff officially or individually.

## ELEVENTH AFFIRMATIVE DEFENSE

16. At all relevant times herein, Defendants acted in regard to Plaintiff in good faith and without malice for legitimate governmental reasons and compelling governmental interests, and their actions were supported by probable cause and objectively reasonable.

## TWELFTH AFFIRMATIVE DEFENSE

17. The policy of the Defendant City of Troy and its Bureau of Police is to train and supervise the City's police officers to protect the Constitutional Rights of all persons, and there is no policy, practice, or custom of authorizing deprivations of Constitutional Rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to satisfy conditions precedent to instituting this action. Written notice of the claims alleged in the complaint was not served within ninety (90) days of the occurrence as required by Section 244 of the New York Second Class Cities Law and Section 50-e of the New York General Municipal Law. Therefore the Defendants may not be sued or found liable for the injuries and damages alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

19. This action is barred by the provisions of Section 50-i of the General Municipal Law.

**WHEREFORE**, the Defendants demand judgment dismissing the complaint of the Plaintiff herein with costs, attorney fees, and such other and further relief as the Court deems just and proper.

*Ian H. Silverman*, Corporation Counsel of the City of Troy

Dated: December 17, 2013

By: *Richard T. Morrissey*
Deputy Corporation Counsel
NDNY Bar Roll No. 507893
Troy City Hall
433 River Street, Suite 5000
Troy, New York 12180
Tel.: (518) 279-7136

To: *Terence L. Kindlon, Esq.*
Kindlon Shanks & Associates
Attorneys for Plaintiff
74 Chapel Street
Albany, New York 12207
Tel.: (518) 432-7806

*Clerk of the Court*
James T. Foley U.S. District Courthouse
445 Broadway, Room 222
Albany, New York 12207-2924