UNITED STATES DISTRICT COURT    NORTHERN DISTRICT OF NEW YORK
_____

**JOHN M. LARKINS,**

                      **AMENDED COMPLAINT**

           **Plaintiff,**                        _____

   **-against-**

                                   **JURY DEMANDED**

**CITY OF TROY; City of Troy Police
Officers JUSTIN ASHE, DOMINICK
COMITALE, and MARTIN FURCINITI,**
individually and/or as agents, servants,
and/or employees of the City of Troy.

             **Defendants.**
_____

      Plaintiff, John M. Larkins, by his attorneys, KINDLON SHANKS & ASSOCIATES, respectfully submits the following:

### INTRODUCTION AND JURISDICTION

    1.    This is an action at law to redress the deprivation by the Defendants, acting under color of statute, ordinance, regulation, custom, and/or usage, of a right, privilege or immunity secured to the Plaintiff by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, with intent to deny Plaintiff his civil rights, all of which arise under federal law, particularly Title 42 U.S.C. sections 1982, 1983, 1985, and 1988, and the Constitutions, Laws and Statutes of the United States and the State of New York; additionally, Plaintiff asserts common law causes of action for assault, battery, false arrest, false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress.

    2.    The jurisdiction of this court is invoked under the following statutes:

        A.    28 U.S.C. Section 1331, and

        B.    28 U.S.C. Section 1343(3).

## **THE PARTIES**

3. At all times relevant, Plaintiff **JOHN M. LARKINS** was and is a resident of the City of Saratoga Springs and County of Saratoga, State of New York, in the Northern District of New York.

4. At all times relevant, Defendant **CITY OF TROY** was and is a municipal corporation within the County of Rensselaer, State of New York, in the Northern District of New York, and was the employer of the various named members of the Troy Police Department designated as Defendants herein.

5. At all times relevant, Defendant **JUSTIN ASHE**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

6. At all times relevant, Defendant **DOMINICK COMITALE**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

7. At all times relevant, Defendant **MARTIN FURCINITI**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

8. Each and all of the acts of the aforementioned Defendants concerning Plaintiff were and are tortuous, and were done in violation of state and federal law as well as constitutional principles, and were done under the color or pretense of the statutes, ordinances,

regulations, customs, policies, and/or usages of the State of New York.

9. Plaintiff sues each Defendant in his or its individual and/or official capacity.

## THE FACTS

10. The factual basis for this claim is as follows:

(a) On or about August 27, 2011, at or about 8:15 p.m., John M. Larkins, was approached by Defendant Police Officers while he was at St. Mary's Hospital in Troy, New York.

(b) In the absence of a thorough or proper investigation, without probable cause and/or an arrest warrant Defendant Police Officers falsely arrested Plaintiff despite a lack of probable cause to believe Plaintiff had committed a crime.

(c) Defendant Police Officers grabbed Plaintiff, bent back Plaintiff's hand, and put a taser to Plaintiff's head. Defendant Police Officers knocked Plaintiff to the ground. Defendant Police Officer tased Plaintiff in his head and neck area numerous times while his fellow officers stood by and did not intervene to stop the assault.

(d) Defendant Police Officers handcuffed Plaintiff and put him in the back of a police car. While Plaintiff was handcuffed in the back of the police car Defendant Police Officer sprayed Plaintiff in the face with mace. Again, fellow officers stood by and did not intervene to stop the assault.

(e) Defendant Police Officers subsequently charged Plaintiff in Rensselaer County with three counts of Assault in the second degree, a Class "D" felony under New York Penal Law § 120.05, one count of Resisting Arrest, and one count of Obstructing Governmental Administration in the second degree.

(f) Throughout the aforementioned sequence of events Defendant Police

Officers were verbally abusive to Plaintiff, insulting him and calling him several vile names.

  (g) Throughout the aforementioned sequence of events Defendant Police Officers forced Plaintiff to walk on his right leg, which was fitted with a cast.

  (h) Plaintiff was taken before the Troy City Court for arraignment where bail was set.  Plaintiff remained incarcerated in Rensselaer County Jail for three to four days until bail was posted.

  (i) Thereafter, during the pre-trial stages of the Rensselaer County prosecution Defendant Police Officers deliberately concealed from the courts, from the Rensselaer County District Attorney and from defense counsel that the "information" upon which they based the criminal charges against Plaintiff was false.

  (j) A jury trial commenced on or about May 15, 2013.  The jury ultimately acquitted Plaintiff on all the charges.

  11. As a result of the foregoing, the Plaintiff **JOHN M. LARKINS** suffered severe and permanent personal injury, pain and suffering, financial hardship and intentional infliction of emotional harm and other items of damages.

  12. As a result of the aforesaid acts of the Defendants, Plaintiff **JOHN M. LARKINS** was deprived of rights, privileges and/or immunities secured by the Constitution and laws of the United States and has been damaged thereby. The rights, privileges and immunities deprived by Defendants include, but are not limited to:

    a. Right to freedom from unlawful search and seizure;

    b. Right to equal protection under the laws;

    c. Right to freedom from unlawful retention of personal property;

    d. Right to freedom from unlawful arrest and imprisonment;

    e.    Right to substantive due process;

    f.    Right to procedural due process;

    g.    Right to freedom from use, and/or threatened use, of excessive force; and

    h.    Denial of liberty.

13. As a result of the aforesaid acts of Defendants, Plaintiff **JOHN M. LARKINS** has suffered damages, including but not limited to denial of constitutional and civil rights, severe and permanent personal injuries and pain and suffering and psychological trauma and other losses and damages.

## FIRST CAUSE OF ACTION:
## EXCESSIVE FORCE/42 U.S.C. 1983

14. Plaintiff repeats and realleges paragraphs "1" through "13" and incorporates the same herein by reference.

15. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to excessive force and was damaged thereby.

## SECOND CAUSE OF ACTION:
## MALICIOUS PROSECUTION/42 U.S.C. 1983

16. Plaintiff repeats and realleges paragraphs "1" through "15" and incorporates the same herein by reference.

17. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to malicious prosecution and was damaged thereby.

## THIRD CAUSE OF ACTION:
## UNLAWFUL ARREST/42 U.S.C. 1983

18. Plaintiff repeats and realleges paragraphs "1" through "17" and incorporates the same by reference herein.

19. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to denial of his Fourth Amendment right to be free from unlawful arrest and was damaged thereby.

## FOURTH CAUSE OF ACTION:
## UNLAWFUL IMPRISONMENT/42 U.S.C. 1983

20. Plaintiff repeats and realleges paragraphs "1" through "19" and incorporates the same by reference herein.

21. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to denial of his Fourth Amendment right to be free from unlawful imprisonment and was damaged thereby.

## FIFTH CAUSE OF ACTION:
## DENIAL OF SUBSTANTIVE DUE PROCESS/42 U.S.C. 1983

22. Plaintiff repeats and realleges paragraphs "1" through "21" and incorporates the same by reference herein.

23. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to denial of his Fifth and Fourteenth Amendment rights to substantive due process and was damaged thereby

## SIXTH CAUSE OF ACTION:
## COMMON LAW ASSAULT

24. Plaintiff repeats and realleges paragraphs "1" though "23" and incorporates the same herein by reference.

25. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to common law assault and was damaged thereby.

## SEVENTH CAUSE OF ACTION:
## COMMON LAW BATTERY

26. Plaintiff repeats and realleges paragraphs "1" though "25" and incorporates the

same herein by reference.

27. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to common law battery and was damaged thereby.

### EIGHT CAUSE OF ACTION:
### COMMON LAW MALICIOUS PROSECUTION

28. Plaintiff repeats and realleges paragraphs "1" though "27" and incorporates the same herein by reference.

29. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to common law malicious prosecution and was damaged thereby.

### NINTH CAUSE OF ACTION:
### COMMON LAW FALSE ARREST

30. Plaintiff repeats and realleges paragraphs "1" though "29" and incorporates the same herein by reference.

31. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to common law false arrest and was damaged thereby.

### TENTH CAUSE OF ACTION:
### COMMON LAW MALICIOUS PROSECUTION

32. Plaintiff repeats and realleges paragraphs "1" though "31" and incorporates the same herein by reference.

33. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to common law false imprisonment and was damaged thereby.

### ELEVENTH CAUSE OF ACTION:
### COMMON LAW NEGLIGENCE

34. Plaintiff repeats and realleges paragraphs "1" though "33" and incorporates the same herein by reference.

35. Defendants owed a duty to Plaintiff.

36. Defendants breached that duty by failing to act and intervene to stop the assault and battery of Plaintiff, as well as the deprivation of his constitutional rights.

37. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to injuries proximately caused by the negligence of the Defendants and was damaged thereby.

### TWELFTH CAUSE OF ACTION:
### COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats and realleges paragraphs "1" through "37" and incorporates the same herein by reference.

39. As a result of the foregoing, Plaintiff **JOHN M. LARKINS** was subjected to common law intentional infliction of emotional distress.

### DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

a) As and for the causes of action enumerated above, Plaintiff demands judgment against the Defendants in an amount to be determined by a jury, plus interest.

b) Together with punitive and exemplary damages in an amount to be determined at trial;

c) Costs, disbursements and attorney's fees pursuant to Title 42 U.S.C. § 1988 in this action; and

d) Such other and further relief as this Court may deem just and proper.

Dated: June 20, 2014

KINDLON SHANKS & ASSOCIATES

By: s/Terence L. Kindlon
Bar Number: 103142

*Attorneys for Plaintiff*
74 Chapel Street
Albany, New York 12207
Telephone: (518) 434-1493
Fax: (518) 432-7806
E-mail: tkindlon@kindlon.com