UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN M. LARKINS,

                Plaintiff,

- against -

CITY OF TROY; CITY OF TROY POLICE OFFICERS     13-cv-1442
JUSTIN ASHE, DOMINICK COMITALE, and MARTIN     (DNH/CFH)
FURCINITI, individually and/or as agents, servants,
and/or employees of the City of Troy,

                Defendants.

---

### DEFENDANT DOMINICK COMITALE'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

DREYER BOYAJIAN LLP
*Attorneys for Defendant*
  *City of Troy Police Officer*
  *Dominick Comitale*
75 Columbia Street
Albany, New York 12210
(518) 463-7784

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................. 1

**FACTS** ........................................................................................................................................ 1

**ARGUMENT** ............................................................................................................................. 2

**POINT I**

    **THE STATE COMMON-LAW CLAIMS
ARE TIME-BARRED AND FAIL TO
COMPLY WITH GENERAL MUNICIPAL LAW §50-e** ................................................ 2

**POINT II**

    **OFFICER COMITALE HAD NO PERSONAL
INVOLVEMENT IN PLAINTIFF'S ARREST** ................................................................ 3

**POINT III**

    **THE SUBSTANTIVE DUE PROCESS CLAIM
FAILS AS A MATTER OF LAW** ..................................................................................... 4

**POINT IV**

    **THE DEPLOYMENT OF PEPPER SPRAY
WAS OBJECTIVELY REASONABLE** ........................................................................... 4

**POINT V**

    **OFFICER COMITALE IS ENTITLED TO
QUALIFIED IMMUNITY FOR ALL OF HIS CONDUCT
RELATING TO PLAINTIFF** ............................................................................................ 6

**CONCLUSION** .......................................................................................................................... 8

## PRELIMINARY STATEMENT

Defendant City of Troy Police Officer Dominick Comitale respectfully submits this Memorandum of Law in support of his motion for summary judgment dismissing the Complaint. The pendent state law causes of action are time-barred because this action was not filed until more than two years after the date of the alleged incident. Also, plaintiff failed to comply with the requirements of General Municipal Law §50-e and §50-i. The §1983 causes of action should be dismissed because Officer Comitale had no personal involvement in plaintiff's arrest or the decision to charge plaintiff with resisting arrest and obstruction of governmental administration. Finally, the deployment of pepper spray against the uncooperative plaintiff was objectively reasonable as a matter of law. In any event, Officer Comitale is entitled to qualified immunity from liability and summary judgment dismissing the Complaint is proper.

## FACTS

The facts relevant to this motion are contained in the Statement of Material Facts dated March 5, 2015. The incident underlying this action occurred on August 27, 2011 at St. Mary's Hospital in the City of Troy. Plaintiff commenced this action by filing a Complaint on November 20, 2013 (Complaint, ECF Dkt #1). Plaintiff's causes of action against Officer Dominick Comitale include 42 U.S.C. §1983 claims for excessive force, malicious prosecution, unlawful arrest and unlawful imprisonment and denial of substantive due process (Amended Complaint, ECF Dkt #25). Plaintiff also alleges five common-law causes of action for assault, battery, malicious prosecution, negligence and intentional infliction of emotional distress (Amended Complaint, ECF Dkt #25). The §1983 excessive force claim is based upon Officer Comitale deploying pepper spray against plaintiff.

1

ARGUMENT

POINT I

THE STATE COMMON-LAW CLAIMS
ARE TIME-BARRED AND FAIL TO
COMPLY WITH GENERAL MUNICIPAL LAW §50-e

In New York, common-law intentional tort claims for assault, battery, false imprisonment, malicious prosecution and intentional infliction of emotional distress are subject to a one-year statute of limitations. *See CPLR §215(3)*. Other tort claims against a police officer are subject to a one-year and 90-day statute of limitations under General Municipal Law §50-i. Furthermore, any tort claim, intentional or otherwise, against a municipal police officer is subject to the notice of claim prerequisites of General Municipal Law §50-e.

In this case, plaintiff failed to plead in his Complaint or Amended Complaint that he complied with the provisions of General Municipal Law §50-e, and he failed to serve a notice of claim on the City of Troy in compliance with General Municipal Law §50-e. Thus, dismissal of the state common-law claims is required. *See, e.g., Dzwonczyk v. Syracuse City Police Dept.*, 710 F.Supp.2d 248, 271-272 (N.D.N.Y. 2008)(McCurn, J.); *Lagrange v. Ryan,* 142 F.Supp.2d 287, 295-296 (N.D.N.Y. 2001)(Hurd, J.). Moreover, even if plaintiff had timely served a notice of claim, this action was not commenced until November 20, 2013, more than two years after the August 27, 2011 incident, so all claims are time-barred by either the one-year or one-year and 90-day statute of limitations. While the accrual date for the malicious prosecution claim is the date of the acquittal in Troy City Court, i.e., May 20, 2013, plaintiff never served a notice of claim within 90 days thereafter.

Thus, plaintiff's sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth causes of action alleging New York common-law tort claims against Dominick Comitale must be dismissed.

## POINT II

### OFFICER COMITALE HAD NO PERSONAL INVOLVEMENT IN PLAINTIFF'S ARREST

The personal involvement of a defendant police officer in the alleged constitutional deprivation is a prerequisite to an award of damages under §1983. *Provost v. City of Newburgh,* 262 F.3d 146, 154 (2d Cir. 2001). In this case, Officer Comitale had no personal involvement in the arrest of plaintiff John Larkins or the decision to charge plaintiff with resisting arrest and obstruction of governmental administration. Officer Comitale was not present in the emergency room when Officer Ashe attempted to place plaintiff under arrest and the scuffle ensued, and Officer Comitale had no personal knowledge of the facts leading up to the arrest.

Officer Comitale merely responded to a call for officer assistance and arrived in the emergency room when the scuffle was underway on the lobby floor. He extracted Gladys Warren from the pile, and had no contact with plaintiff (other than being kicked in the hand). Officer Comitale had no involvement with plaintiff until after plaintiff was in handcuffs and was escorted to the patrol car. In addition, Officer Ashe, not Officer Comitale, filed the misdemeanor complaints against plaintiff for resisting arrest and obstruction of governmental administration.

Officer Comitale lacks the requisite "direct participation" for §1983 liability because he did not intentionally participate in the conduct allegedly violating the plaintiff's rights with knowledge of facts rendering it illegal. *See Provost v. City of Newburgh,* 262 F.3d 146 at 155. Arriving late on the scene, Officer Comitale had no reason to believe that his fellow officers were allegedly undertaking an unlawful arrest or subsequent malicious prosecution of plaintiff. *See Miller v. Carney,* 2014 U.S. Dist. LEXIS 132780 (N.D.N.Y. 2014)(Treece, M.J.); *Noga v. City of Schenectady,* 169 F.Supp.2d 83, 88 (N.D.N.Y. 2001) (Homer, M.J.) Therefore, the second, third and fourth causes of action alleging malicious prosecution, unlawful arrest and

unlawful imprisonment against Officer Comitale must be dismissed based on the absence of his personal involvement in the alleged constitutional violations.

## POINT III

### THE SUBSTANTIVE DUE PROCESS CLAIM FAILS AS A MATTER OF LAW

To succeed on a substantive due process claim, the plaintiff must show that the defendant's conduct was "arbitrary, conscious shocking, or oppressive in a constitutional sense" and not merely "incorrect or ill advised." *Kaluczy v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995). "Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 262-263 (2d Cir. 1999). Respectfully, the deployment of pepper spray by Officer Comitale to gain plaintiff's compliance with repeated lawful orders to cease and desist striking his head against the Plexiglas partition is conduct that falls far short of that required to violate substantive due process standards. Thus, the fifth cause of action alleging denial of substantive due process should be dismissed.

## POINT IV

### THE DEPLOYMENT OF PEPPER SPRAY WAS OBJECTIVELY REASONABLE

In response to Interrogatory No. 11 regarding his claim of excessive force against Officer Comatile, plaintiff states that: "Officer Comitale forced me to stand up on my injured leg, which was in a cast. Officer Comitale assisted Officer Ashe when he slammed me against the patrol car. Officer Comitale sprayed me in the face with what I believe to be mace" (Exhibit F to Casey Affidavit p. 5). First, it is undisputed that Officer Comitale did not even know that plaintiff had a cast on his leg until he had escorted plaintiff to the patrol car (Comitale deposition at 18-19).

4

Second, plaintiff acknowledged in his testimony at deposition that Officer Comitale escorted him to the patrol car but did not participate with Officer Ashe in the supposed slamming of plaintiff into the car (Larkins deposition at 133-134). Thus, the only plausible claim of excessive force against Officer Comitale relates to the deployment of OC spray against plaintiff in the back of the patrol car.

The use of pepper spray, if applied in a good faith effort to maintain or restore discipline, is unlikely to amount to excessive force. *Berry v. City of New York Dept. of Corrections,* 2014 U.S. Dist. LEXIS 71214 (S.D.N.Y. 2014). The immediate discomfort caused by pepper spray does not typically constitute excessive force. *West v. City of New York,* 2014 U.S. Dist. LEXIS 120697 (S.D.N.Y. 2014). Here, Officer Comitale deployed a one-second burst of OC spray after plaintiff refused to comply with repeated verbal commands and warnings to stop banging his head against the Plexiglas partition. Plaintiff admits that he was immediately taken to Samaritan Hospital where he refused medical treatment. Plaintiff also admits that the effects of the OC spray wore off within 24 hours.

The first cause of action alleging excessive force should be dismissed because the use of OC spray to gain plaintiff's compliance with repeated, lawful orders to stop disruptive behavior in the patrol car was objectively reasonable. Officer Comitale also adhered to the Troy Police Department OC Spray policy by exercising his discretion that OC spray was the most logical and minimal use of force to gain plaintiff's compliance with a lawful order and to prevent personal injury or property damage. The lack of any discernable injury from the OC spray also establishes that the force was not excessive and did not violate the Fourth Amendment. It is respectfully submitted that, under these circumstances, no reasonable fact-finder could conclude that Officer Comitale's conduct was objectively unreasonable.

## POINT V

### OFFICER COMITALE IS ENTITLED TO
### QUALIFIED IMMUNITY FOR ALL OF HIS CONDUCT
### RELATING TO PLAINTIFF

A police officer is entitled to qualified immunity from civil liability under 42 U.S.C. §1983 if his conduct does not violate clearly established constitutional rights of which an objectively reasonable officer would have known or, it was objectively reasonable for the officer to believe his actions were lawful at the time of the challenged act. *Poe v. Leonard,* 282 F.3d 123, 133 (2d Cir 2002); *Cerrone v. Brown,* 244 F3d 194, 198-99 (2d Cir. 2001); *Lagrange v. Ryan,* 142 F.Supp.2d at 294. The Court conducts a two-part inquiry to determine if a police officer is entitled to qualified immunity: first, in the light most favorable to plaintiff, whether the facts show that the officer violated a constitutional right; second, if the officer's conduct violated a right, the Court must analyze the objective reasonableness of the officer's belief in the lawfulness of his conduct. If the officer reasonably believed that his actions did not violate plaintiff's rights, he is entitled to qualified immunity even if the belief was mistaken. *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *Poe v. Leonard,* 282 F.3d at133.

In this case, Officer Comitale's deployment of pepper spray did not violate a clearly established right of plaintiff because the use of pepper spray is not, without more, excessive force. Thus, it did not violate clearly established law under Fourth Amendment. But, even if the use of force arguably violated plaintiff's Fourth Amendment rights, it was objectively reasonable for Officer Comitale to believe his actions were lawful when he deployed the pepper spray and, therefore, he is entitled to qualified immunity from liability.

Officer Comitale is trained in the use of OC Spray. He acted pursuant to the OC usage authorization guidelines set by the Troy Police Department's OC Spray policy, which provide, in

6

part: "In all situations good judgment should be the basis of deployment. Nothing contained herein shall prohibit the use of an OC PDD in situations where it is ultimately the only, or most logical means of appropriate force to be used per that specific circumstance" (General Order No. 06.06, Page 2 of 3). He repeatedly issued verbal warnings to plaintiff to cease and desist banging his head against the Plexiglas partition.

Plaintiff disregarded the warnings and continued to act disruptive in the back of the patrol car. Officer Comitale gave a one-second burst of OC spray to gain plaintiff's compliance. He testified that he believed it was the most logical course of action to follow under the circumstances, without having to extract the thrashing and agitated plaintiff from the patrol car and endanger himself or others. Thus, Officer Comitale is entitled to qualified immunity and summary judgment dismissing the complaint. He is also entitled to qualified immunity for his actions in response to the scuffle in the emergency room and in escorting plaintiff to the patrol car, including permitting plaintiff to walk on his casted leg. Officer Comitale certainly did not violate a clearly established federal right of plaintiff and, furthermore, it was objectively reasonable to believe his actions in assisting his fellow officers were lawful.

## CONCLUSION

Based upon the foregoing, defendant Dominick Comitale respectfully requests that this Court grant his motion for summary judgment dismissing plaintiff's Amended Complaint against him.

Dated: March 5, 2015

DREYER BOYAJIAN LLP

By: *John B. Casey*
JOHN B. CASEY
Bar Roll No. 508187
*Attorneys for Defendant
   City of Troy Police Officer
   Dominick Comitale*
75 Columbia Street
Albany, New York 12210
Telephone: (518) 463-7784
Facsimile: (518) 463-4039
